UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CAOUETTE, *et al.*, | No. C-12-1814 EMC |
| Plaintiffs, | **RELATED TO** |
| v. | No. C-12-1815 EMC |
| BRISTOL-MYERS SQUIBB COMPANY, *et al.*, | No. C-12-1816 EMC <br> No. C-12-1818 EMC <br> No. C-12-1819 EMC <br> No. C-12-1820 EMC |
| Defendants. | No. C-12-1821 EMC <br> No. C-12-1822 EMC |
| AND ALL RELATED ACTIONS. | **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY; AND REQUIRING SUPPLEMENTAL BRIEFING** |

Previously, the Court held a hearing on the motions to remand in the eight related cases. Bristol-Myers has now moved for leave to file an omnibus sur-reply. The Court hereby **GRANTS** Bristol-Myers's motion and further orders supplemental briefing from the parties as follows.

**By July 3, 2012**, Plaintiffs in the eight related cases shall file an omnibus supplemental brief addressing the following issues:

1. Do Plaintiffs contend (as articulated at the hearing on the motions to remand) and, if so, based on what authority, that distributor liability in a strict products liability case is strictly "derivative" of the manufacturer's liability such that a distributor can do nothing to avoid liability along with the manufacturer other than cessation of sales, particularly where the underlying theory is a failure to warn?

2. Assuming *arguendo* that a distributor has an independent duty to warn in a strict products liability case (where the underlying theory is a failure to warn), *cf. Persons v. Salomon N. Am.*, 217 Cal. App. 3d 168, 178 (1990) (noting that company, which "was in the business of renting skis and bindings," "had an independent duty to exercise reasonable care in supplying this equipment and was itself subject to strict liability for failure to warn its customers of the dangerous propensities of articles it rented"), (a) what should McKesson have done in the instant cases to satisfy that duty and (b) how are those actions not inconsistent with or prohibited by federal law, including but not limited to 21 U.S.C. § 355 and 21 C.F.R. § 314.70(a)? *Compare Pliva, Inc. v. Mensing*, 131 S. Ct. 2567, 2576 (2011) (deferring to the FDA's position that a Dear Doctor letter qualifies as labeling; stating that "[a] Dear Doctor letter [from a generic manufacturer] that contained substantial new warning information would not be consistent with the drug's approved labeling").

3. What weight should the Court give the FDA's comments, in conjunction with its promulgation of certain labeling and advertising regulations in 1979, *see* 44 Fed. Reg. 37434, 37447 (June 26, 1979) (stating that "[t]he addition to labeling and advertising of additional warnings, as well as contraindications, adverse reactions, and precautions regarding the drug, or the issuance of letters to health care professionals (e.g., 'Dear Doctor' letters containing such information) is not prohibited by these regulations"), particularly in light of the Supreme Court's decision in *Mensing*?

**By July 10, 2012**, Bristol-Myers shall file in the eight related cases an omnibus supplemental brief on the following issues:

1. For those actions Plaintiffs claim McKesson could have taken to satisfy its duty to warn, what *specific* federal statutes or regulations barred or made it impossible for McKesson from taking those actions? The Court seeks more than a general reference to the FDCA's labeling laws.

2. What weight should the Court give the FDA's comments, in conjunction with its promulgation of certain labeling and advertising regulations in 1979, *see* 44 Fed. Reg. 37434, 37447 (June 26, 1979) (stating that "[t]he addition to labeling and advertising of additional warnings, as well as contraindications, adverse reactions, and precautions regarding the drug, or the issuance of letters to health care professionals (e.g., 'Dear Doctor' letters containing such information) is not prohibited by these regulations"), particularly in light of the Supreme Court's decision in *Mensing*?

Plaintiffs' brief shall be no longer than twelve (12) pages; Bristol-Myers's brief shall be no longer than eight (8) pages.

IT IS SO ORDERED.

Dated: June 26, 2012

EDWARD M. CHEN
United States District Judge