United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CAOUETTE, *et al.*, | No. C-12-1814 EMC |
| Plaintiffs, | **RELATED TO** |
| v. | No. C-12-1815 EMC |
| BRISTOL-MYERS SQUIBB COMPANY, *et al.*, | No. C-12-1816 EMC |
| | No. C-12-1818 EMC |
| | No. C-12-1819 EMC |
| | No. C-12-1820 EMC |
| Defendants. | No. C-12-1821 EMC |
| _____/ | No. C-12-1822 EMC |
| AND ALL RELATED ACTIONS. | |
| | **ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| | **(Docket No. 60)** |
| _____/ | |

Bristol-Myers has filed a motion, asking the Court for leave to file a motion for reconsideration of the Court's order granting Plaintiffs' motions to remand.[1] Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES** the request for relief.

**I. DISCUSSION**

A. <u>Jurisdiction</u>

Plaintiffs argue first that Defendants' motion for relief should be denied because the Court lacks jurisdiction to entertain the motion. The Court agrees.

---

[1] The Court uses the term "Plaintiffs" to refer to all plaintiffs in the eight related actions.

1    Title 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from
2 which it was removed is not reviewable on appeal *or otherwise*." 28 U.S.C. § 1447(d) (emphasis
3 added). In *Seedman v. United States District Court*, 837 F.2d 413 (9th Cir. 1988), the Ninth Circuit
4 noted that "[t]his language has been universally construed to preclude not only appellate review but also
5 reconsideration by the district court. Once a district court certifies a remand order to state court it is
6 divested of jurisdiction and can take no further action on the case." *Id.* at 414. In the case at bar, the
7 Clerk of the Court certified the remand order prior to the filing of Bristol-Myers's motion.[2] *See* Docket
8 No. 59 (letter certifying remand order). Accordingly, the Court has no jurisdiction to consider Bristol-
9 Myers's motion.

10 B.    Civil Local Rule 7-9(b)(3)

11    Even if the Court did have jurisdiction, Bristol-Myers would fare no better. Under the Civil
12 Local Rules, a party may move for leave to file a motion for reconsideration only where, *e.g.*, there is
13 a "manifest failure by the Court to consider material facts or dispositive legal arguments which were
14 presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3). In the case at bar, Bristol-
15 Myers contends that the Court failed to consider a dispositive legal argument. More specifically,
16 Bristol-Myers argues that the Court should have decided the issue of whether the design defect claim
17 against McKesson was preempted pursuant to *Pliva v. Mensing*, 131 S. Ct. 2567 (2011), because this
18 was an independent basis to support fraudulent joinder of McKesson.

19    The problem for Bristol-Myers is that the Court recognized that this was an independent
20 argument. Even though this was an independent argument, the bottom line is that Bristol-Myers also
21 articulated another argument as to why the design defect claim was not viable against McKesson (*i.e.*,
22 based on the California Supreme Court's decision in *Brown v. Superior Court*, 44 Cal. 3d 1049 (1988)).
23 Once Bristol-Myers articulated the *Brown* argument, that argument had to be resolved by the state court
24 under the Ninth Circuit's decision in *Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009).
25 Bristol-Myers cannot have it both ways – it could have foregone making the *Brown* argument but it did

---

[2] The Court acknowledges that both the certification and the filing of Bristol-Myers's motion took place on the same day – *i.e.*, August 13, 2010. Nonetheless, the certification preceded the filing of the motion by an hour and a half.

2

not; thus, it cannot now ask the Court to pretend that the *Brown* argument was not made and rule solely on the basis of the *Mensing* preemption argument.

Furthermore, the Court notes that it did address the merits of the *Mensing* preemption argument, at least for purposes of a remand motion. More specifically, it stated that it was not obvious that there would be preemption, citing both *Bartlett v. Mutual Pharmaceutical Co.*, 678 F.3d 30 (1st Cir. 2012), and *Halperin v. Merck, Sharpe & Dohme Corp.*, No. 11 C 9076, 2012 U.S. Dist. LEXIS 50549 (N.D. Ill. Apr. 10, 2012).[3] *See* Docket No. 56 (Order at 7). Obviousness was the appropriate standard to reply because of the procedural posture of the case – *i.e.*, in a remand motion, a court must consider, in effect, whether it is obvious that there is no cause of action against the allegedly fraudulently joined resident defendant. *See Hunter*, 582 F.3d at 1042 (stating that "[j]oinder is fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state") (internal quotation marks omitted); 15-102 Moore's Fed. Prac. – Civ. § 102.21[5][a] (stating that "[j]oinder will not be deemed fraudulent unless there clearly can be no recovery under state law on the cause alleged or on the facts as they exist when the petition to remand is heard"). Thus, in *Halperin*, the court stated that, "even if we were inclined to agree with [the distributor] about the reach of the *Mensing* decision, we are bound to resolve such an open question of law in Plaintiffs' favor when assessing the remand motion." *Halperin*, 2012 U.S. Dist. LEXIS 50549, at *11.

The Court thus concludes that, even if it had jurisdiction over the case, Bristol-Myers's motion should be denied because Bristol-Myers has failed to meet the standard laid out in Civil Local Rule 7-9(b)(3).

///
///
///
///

---

[3] In *Halperin*, the court explained that, for a claim of design defect (as opposed to failure to warn), so long as the (brand name) manufacturer is liable, then everyone else who is a part of the chain of distribution is viable "regardless of culpability, duty, knowledge, or fault." *Halperin*, 2012 U.S. Dist. LEXIS 50549, at *11. In this sense, there would be – as Plaintiffs have previously contended – "derivative" liability.

## II. CONCLUSION

For the foregoing reasons, Bristol-Myers's motion for leave to file a motion to reconsider is denied.

This order disposes of Docket No. 60.

IT IS SO ORDERED.

Dated: August 17, 2012

EDWARD M. CHEN
United States District Judge

4